IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WEN F. LIU,

    Plaintiff,

v.

LAURA GUTIERREZ, ET AL.,

    Defendants.

OPINION and ORDER

Case No. 17-cv-547-wmc

---

Plaintiff Wen F. Liu has filed a proposed civil complaint against defendants Laura Gutierrez, Steven Engelbrecht, Madison Family Dental Associates, S.C., DDS Alanna Wirtz, Erin Paitrick, Ben Brancel, Lecey Cochart and Dawn Schnetzler. Between her original and amended complaint, Liu alleges only that certain defendants have violated her rights and are "evil and bad." She also indicates a willingness to provide more details about her claims "later." Because Liu is proceeding without prepayment of the filing fee, the court is required to screen the complaint under 28 U.S.C. § 1915 to determine whether she may proceed with the case. While Liu is held to a "less stringent standard" in crafting pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court must dismiss her lawsuit for failure to state a claim.

As Liu is well aware based on her history of bringing claims in this court, Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

1

Liu has not included *any* allegations suggesting that she might have a claim against any of the named defendants, much less that the court could actually exercise jurisdiction over such claims. Indeed, the court does not even have enough information to venture a guess as to whether these seemingly unrelated defendants have anything in common. Accordingly, the court is dismissing Liu's complaint, but will give her a short window of time in which to file an amended complaint. In crafting such a complaint, Liu must draft her amended complaint as if she were telling a story to people who know nothing about her situation. She should simply state (1) what acts she believes violated her rights; (2) what specific rights were violated; (3) who committed each act; and (4) what relief she wants the court to provide. Liu should also be mindful that under Federal Rule of Civil Procedure 20, if she asserts claims against multiple defendants, the claims must arise out of the same transaction or occurrence. If Liu fails to submit an amended complaint by the deadline set below, the court will dismiss the complaint for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Wen F. Liu may have until **November 2, 2018, to submit an amended complaint that complies with Rule 8.**

2. **If plaintiff does not file an amended complaint as directed, this case will be closed without further notice. Any amended complaint will be screened in accordance with 28 U.S.C. § 1915(e)(2).**

Entered this 19th day of October, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge