IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WEN F. LIU,

    Plaintiff,

v.

ALANNA WIRTZ, ERIN PAITRICK,
LAURA GUTIERREZ, STEVEN
ENGELBRECHT, LECEY COCHART,
DAWN SCHNETZLER and BEN
BRANCEL,

    Defendants.

OPINION and ORDER

Case No. 17-cv-547-wmc

On October 19, 2018, the court dismissed plaintiff Wen F. Liu's complaint without prejudice, giving Liu until November 2, 2018, to submit a proposed amended complaint that satisfied the requirements of Federal Rule of Civil Procedure 8. (Dkt. #5.) Liu filed such a proposed amended complaint by that deadline. In it, Liu names defendants Alanna Wirtz, Erin Paitrick, Laura Gutierrez, Steven Engelbrecht, Lecey Cochart, Dawn Schnetzler and Ben Brancel. Liu claims that Wirtz, a dentist at Madison Family Dental Associates, refused to treat her because she would not pre-pay, and then Paitrick, an administrator there, dismissed her as a patient. She claims that her insurance coverage has been messed up and that she has been upset by how employees at Madison Family Dental Associates have interacted with her. Because Liu is proceeding without prepayment of the filing fee, the court is required to screen the complaint under 28 U.S.C. § 1915 to determine whether she may proceed with the case. While Liu is held to a "less stringent

1

standard" in crafting pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court must dismiss her lawsuit for failure to state a claim.

Liu has not included *any* allegations suggesting that she might have a claim against any of the named defendants, much less that the court could actually exercise jurisdiction over such claims. A federal court is one of limited jurisdiction. Generally, this court may only consider cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. The court does not have jurisdiction under 28 U.S.C. § 1331, as Liu has identified no federal claims in his complaint, nor can this court discern one from the facts alleged.

The only conceivable claim that Liu may have could be a professional negligence claim related to how Wirtz handled her dental care, but even that claim seems extremely unlikely, since it appears that Liu's complaint is that Madison Family Dental Associates required her to pre-pay for her treatment. Even assuming Liu could articulate any state law claim, a federal court can exercise jurisdiction over state law claims if there is complete diversity between the parties, and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *see also Smart v. Local 702 Int'l Bd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009) (requiring dismissal unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000). Liu has not alleged that the matter in controversy exceeds $75,000. Furthermore, Liu is domiciled in Wisconsin, and she has not alleged that any of the

defendants are actually citizens of another state. Accordingly, the court is dismissing this case for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that plaintiff Wen F. Liu's proposed amended complaint is DISMISSED for lack of subject matter jurisdiction. The clerk of court is directed to close this case.

Entered this 16th day of September, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge